IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES CEDRIC HARRIS, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:09CV276–HEH
)
HARLEY LAPPIN, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
### (Adopting Report and Recommendation and Dismissing Action)

Plaintiff, a former Virginia inmate, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

    This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130,

1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

Plaintiff's claims are based on the denial by the Bureau of Prisons ("BOP") of Plaintiff's request for a one-year sentence reduction upon completion of the Residential Drug Abuse Program ("RDAP"). Plaintiff completed the RDAP program on May 22, 1996. (Am. Compl. Ex. 1.) On July 6, 1998, Plaintiff was found by a BOP disciplinary hearing officer to have threatened bodily harm to another inmate. (Am. Compl. Ex. 2 ("Patrick Decl.") ¶ 8.) BOP personnel therefore terminated his eligibility for early release. (*Id.*) Subsequently, BOP personnel agreed to restore Plaintiff's early

2

release eligibility if Plaintiff underwent a "'perfunctory re-interview'" for RDAP. (Am. Compl. 2; *see* Am. Compl. Ex. 9.) Nevertheless, Plaintiff did not re-interview. (Am. Compl. Ex. 1.)

On December 10, 2004, Petitioner was transferred to FCI Petersburg. (Am. Compl. Att. 1 ("Part. Compl.") ¶ 1.) Plaintiff requested that Defendant Tia Patrick, the FCI Petersburg RDAP coordinator, allow him to participate in RDAP and "ultimately have [his] early release date reinstated." (*Id.*) After reviewing Plaintiff's file, Defendant Patrick determined that no evidence supported Plaintiff's contention that he abused alcohol or drugs in the year prior to the 1991 arrest for which he was incarcerated. (Patrick Decl. ¶ 9.) Prior drug or alcohol abuse is required to participate in RDAP. (Patrick Decl. ¶ 6.) Defendant Patrick thus determined that Plaintiff was not eligible for RDAP placement. (Patrick Decl. ¶ 9.) On November 23, 2005, Defendant Patrick gave Plaintiff formal notice of her decision. (*Id.*)

On December 19, 2005, Plaintiff "provided Warden Vanessa A. Adams with documentary evidence which supported a binding agreement between [Plaintiff] and the BOP" to grant him a one-year sentence reduction upon the completion of the RDAP program. (Part. Compl. ¶ 2.) Defendant Adams took no action.

On January 27, 2006, the Court received a petition for a writ of habeas corpus wherein Plaintiff claimed entitlement to a one-year sentence reduction; the Court denied the petition on November 1, 2006. *Harris v. Adams*, No. 3:06cv057, 2006 WL 5644838 (E.D. Va. Nov. 1, 2006). On March 4, 2006, while the litigation was pending, Defendant A.C. Bro conducted a search of Plaintiff's cell. Defendant Bro charged Plaintiff with possession of narcotics paraphernalia after finding elastic bands and rubber gloves. Defendant Bro also found two patches with "US BORDER PATROL" on them and a piece of foam that "could be used to circumvent Constantine wire during an escape attempt." (Part. Compl. Ex. 3.) On March 10, 2006, Plaintiff informed Defendant Adams that the charges were fraudulent. (Part. Compl. ¶ 2.) Defendant Adams did not take action.

On April 2, 2007, Plaintiff sent a letter to Defendant Simpson, a doctor at the federal medical center in Lexington, Kentucky. Plaintiff informed Defendant Simpson that Defendant Patrick had denied Plaintiff's request for early release. Defendant Simpson took no action.

In August of 2007, Plaintiff informed Defendant Engle, an associate warden at FCC Petersburg, that Defendant Watts, a National Inmate Appeals Administrator, had denied Plaintiff's request for early release. Defendant Engle subsequently informed Plaintiff that all decisions in Plaintiff's case were

being determined by the central office, and that institutional staff could not intervene.

In September 2007, Defendant Engle released Plaintiff to a halfway house. Defendant Engle did so without providing Plaintiff surgery for a painful injury inflicted by another inmate. Plaintiff still experiences residual effects of the injury.

On October 11, 2007, Plaintiff sent a letter to Defendant Harley Lappin, the Director of the BOP, wherein he "express[ed] what the problem was." (Part. Compl. ¶ 7.) Defendant Lappin referred the matter to "the central office." (*Id.*)

Plaintiff brings the following claims:

Claim 1    Defendants Patrick, Adams, Bro, Simpson, Watts, and Lappin violated Plaintiff's First Amendment[1] rights by denying his RDAP sentence reduction based on Plaintiff's race and religion.

Claim 2    Defendants Patrick, Adams, and Bro violated Petitioner's Fourth Amendment[2] rights by conducting an unreasonable search and filing false charges against him.

---

[1] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

[2] The Fourth Amendment to the U.S. Constitution states:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

U.S. Const. amend. IV.

4

Claim 3   Defendants Patrick, Adams, Bro, Simpson, Watts, and Lappin violated Plaintiff's Due Process rights[3] by wrongfully extending his sentence.

Claim 4   Defendant Engle violated Plaintiff's rights under the Eighth Amendment[4] by (a) failing to take corrective action and (b) failing to arrange for surgery for Plaintiff's shoulder injury.

Plaintiff seeks an award of $250,000 and additional punitive damages.

## Analysis
### A.   Claim 1

In Claim 1, Plaintiff complains that Defendants violated his First Amendment rights by denying his RDAP sentence reduction based on Plaintiff's race and religion. The First Amendment does not provide protection against racial discrimination. The body of Plaintiff's complaint does not mention religious discrimination, much less allege any facts indicating that any Defendant discriminated against Plaintiff on that basis. Plaintiff falls far short of his obligation to plead facts that plausibly suggest that Defendants "acted with discriminatory purpose" in denying him the RDAP sentence reduction. *Iqbal*, 129 S. Ct. at 1948 (*citing Church of Lukumi Babalu Ave., Inc., v. Hialeah*, 508 U.S. 520, 540-41 (1993)). It is therefore RECOMMENDED that Claim 1 be DISMISSED.

### B.   Claim 2

In Claim 2, Plaintiff contends that Defendants violated his Fourth Amendment rights by effecting a search of his cell and subsequently filing false charges against Plaintiff. It is well settled that inmates have no expectation of privacy in their prison cells, and therefore have no Fourth Amendment protection against searches thereof. *DeBlasio v. Johnson*, 128 F. Supp. 2d 315, 324 (E.D. Va. 2000) (*quoting Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984)). It is RECOMMENDED that Claim 2 be DISMISSED.

---

[3] "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

### C. Claim 3

In Claim 3, Plaintiff avers that Defendants violated Plaintiff's due process rights by wrongfully extending his sentence. Plaintiff contends:

> The defendants accomplished this by evading (dip, duck, dodge) a clear and concise request for the defendant to perform as they had previously promised to perform. Additionally, within the framework of the BOP's policies [Defendants] denied [Plaintiff] an opportunity to be heard in a meaningful time and place, and finally the defendants deliberately altered statements and misrepresented [Plaintiff's] affirmations to illegally extricate themselves from an affirmative responsibility. (Clear duty to perform) The deprivation of [Plaintiff's] property interest resulted in [Plaintiff's] sentence continuing beyond "Satisfactory Good-Time date."

(Part. Compl. 7.) The basis of Plaintiff's allegations involves a "promise" that his sentence would be reduced. To support this claim, Plaintiff offers a document which indicates that on May 17, 2004, Plaintiff filed a "Request for a 3621(e) early release reinstatement." (Am. Compl. Ex. 9, at 1.) Prison staff checked the box marked "Issue Resolved/Relief Granted." (*Id.*) Scrawled on the back of the document, an unsigned sentence reads, "Once you have been re-interviewed for RADP [sic] you will then be able to receive the 3621(e) early release incentive." (*Id.* at 2.) Nothing suggests that there was any "promise" or "contract" to reduce Plaintiff's sentence, as Plaintiff contends. To the contrary, the document memorializes an attempt at an "Informal Resolution." (*Id.* at 1.) Plaintiff does not allege any facts that render plausible his claim that a contract existed. *Bell Atl. Corp.*, 550 U.S. at 570. Accordingly, it is RECOMMENDED that Claim 3 be DISMISSED.

### D. Claim 4

In Claim 4(a), Plaintiff contends that Defendant Engle violated Plaintiff's rights under the Eighth Amendment by failing to correct the injustices levied against Plaintiff. In order to state an Eighth Amendment claim, a plaintiff must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong the inmate must allege facts to suggest that the deprivation complained of was

extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (*quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381). Plaintiff fails to allege facts that plausibly suggest he sustained a significant physical or emotional injury as a result of any injustice. Therefore, it is RECOMMENDED that Claim 4(a) be DISMISSED.

In Claim 4(b), Plaintiff contends that Defendant Engle violated Plaintiff's rights under the Eighth Amendment by failing to arrange for surgery for his shoulder injury. Plaintiff's claim, in its entirety, follows verbatim:

> Additionally I was debilitated by a painful injury (result of a documented assault) that required a surgery, in which the diagnosed and recommendation were made approximately September of 2007. Despite numerous request address to A/W Engle for the surgery, I was released from the institution to community confinement (halfway house) medically disabled thus defeating the intended mission of the halfway house and contributed to an unnecessary hardship. The residual effects of the mental and physical abuse are still ongoing issues in my dad to day life. A/W Engle had the authority to remedy the problem and again did nothing to correct it.

(Part. Compl. ¶ 5.) Plaintiff's scant factual allegations are insufficient to provide Defendants with the grounds of his entitlement to relief. Plaintiff, for example, does not allege that Engle denied Plaintiff surgery, only that Plaintiff was released before any surgery was arranged. *See Tassin v. Corr. Ctr. Lafayette Parish*, 338 F. App'x 412, 412 (5th Cir. 2009) (holding that a mere allegation that necessary medical tests were not performed does not state a plausible claim for deliberate indifference) (citations omitted); *Davis v. McCabe*, No. 3:09cv335-HEH, 2010 WL 3671864, at *3 (E.D. Va. Sept. 15, 2010) (explaining that a plaintiff must allege facts that suggest the plaintiff's communication "'in its content and manner of transmission'" gave sufficient notice to the defendant about the risk to plaintiff's health or safety (*quoting Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996))). Furthermore, it is unclear what the nature of the injury or surgery is. Plaintiff does not elaborate on the continuing effects of this injury, other than to classify them as "residual

effects." (Part. Compl. ¶ 5.) These unadorned, threadbare allegations, devoid of further factual enhancement, do not raise Plaintiff's right to relief above the speculative level. *Iqbal*, 129 S. Ct. at 1949; *Bell Atl. Corp.*, 550 U.S. at 555. Accordingly it is RECOMMENDED that Claim 4 be DISMISSED WITHOUT PREJUDICE.

(April 13, 2011 Report and Recommendation.)

The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation ("R&R") of the magistrate judge. On April 22, 2011, Plaintiff filed a motion an extension of time in which to file objections to the R&R. This Court granted the motion on May 2, 2011. Plaintiff filed a second motion for extension of time in which to file objections on May 9, 2011. The Court granted Plaintiff's second motion for an extension of time, and advised that any objections were due within 30 days after May 18, 2011. More than thirty (30) days have elapsed, and Plaintiff has not filed objections or an amended complaint.

## II. ANALYSIS

The Court reviews de novo any part of the magistrate judge's R&R to which a party has properly objected. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). A reviewing court may accept, reject, or modify, in whole or part, the magistrate judge's recommended disposition. *Id.* Absent a specific written objection, however, the Court is "free to adopt the magistrate judge's recommendation . . . without conducting a de novo review . . . ." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

Despite having received two extensions of time in which to file objections, Plaintiff has not objected to any portion of the R&R. This Court agrees with the magistrate judge's recommended disposition, and will therefore accept and adopt the R&R. Plaintiff's action will be dismissed without prejudice.

## III. CONCLUSION

For the reasons stated above, Plaintiff's Complaint will be dismissed without prejudice. The Clerk will be directed to note the disposition of the action for the purposes 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

                                                  /s/
                                        Henry E. Hudson
                                        United States District Judge

Date: July 7, 2011
Richmond, Virginia